UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MICHAEL HUSKEY, et al.,  )  |  |
|     Plaintiffs,  ) |  |
|  ) |  |
| v.  ) | No. 3:08-CV-2 |
|  ) | (Phillips) |
| STATE OF TENNESSEE, et al.,  ) |  |
|     Defendants.  ) |  |

## MEMORANDUM OPINION

Plaintiffs have brought this action pursuant to 42 U.S.C. §§ 1983, 1985 and 1988, and Tennessee law for the alleged violation of their civil rights which occurred when plaintiff Michael Huskey was arrested following a vehicular pursuit by a Tennessee state trooper on January 5, 2007. Plaintiff Huskey has sued defendants for violation of his civil rights under federal law as well as for false arrest, false imprisonment, abuse of process, malicious prosecution, outrageous conduct, emotional distress, assault and battery under state law. All defendants have moved for summary judgment on the claims against the individual defendants and for dismissal of all other claims.

## Factual Background

This case arises out of a vehicular pursuit that occurred on January 5, 2007 in Sevier County. Plaintiff Michael Huskey, a volunteer fireman, was responding to a call while in his personal vehicle. His wife and three children were in the car. It is alleged that Huskey exceeded the speed limit and caught the attention of Tennessee Trooper Jackie

1

Bailey, who gave chase to Huskey. Despite Trooper Bailey having his emergency lights flashing and sirens sounding, Huskey did not immediately stop his vehicle. Huskey states he radioed Central Dispatch to advise the officer of the emergency call and that he was responding to the call. Huskey did eventually stop his vehicle and upon exiting the vehicle was placed under arrest by Trooper Bailey in front of Huskey's wife and children. Trooper Bailey refused to listen to Huskey's explanation that he was responding to an emergency call. Huskey alleges that Trooper Bailey used excessive force in placing the handcuffs on him.

Sergeant Kim Ogle, Trooper Bailey's supervisor, was called to the scene and took statements from the Huskeys. Following the statement, Trooper Bailey transported Michael Huskey to the Sevier County Jail where he was booked and detained prior to posting bond. Plaintiff alleges that Sergeant Ogle failed to exercise her supervisory control and authority over Trooper Bailey to prevent his unlawful arrest and detention.

Plaintiff has sued defendants for violation of his civil rights under 42 U.S.C. § 1983, 1985 and 1988, as well as for false arrest, false imprisonment, abuse of process, malicious prosecution, outrageous conduct, emotional distress, assault, and battery. In addition, Huskey asserts a claim for injunctive relief on behalf of himself and "all similarly situated firefighters, fire departments and emergency communication districts" asking the court to require all defendants to "enter into a mutual aid and cooperation agreement."

Prior to filing the instant action, Huskey filed a claim in the Tennessee Claims Commission based on the same alleged acts or omissions that form the basis of the instant suit. The Claims Commission has not yet addressed the merits of plaintiff's claims.

The defendants have moved for summary judgment on the claims against the individual defendants and for dismissal on all other claims on the grounds that pursuant to Tennessee Code Annotated § 9-8-307(b), plaintiff waived his causes of action against the individual officers and state officials when plaintiff filed claims in the Tennessee Division of Claims; any monetary claims against the State of Tennessee, Tennessee Highway Patrol, and Trooper Jackie Bailey and Sergeant Kim Ogle in their official capacities are barred by the Eleventh Amendment; and plaintiff has failed to demonstrate a claim for injunctive relief.

Plaintiff opposes the motion stating that the Claims Commission action is only based on alleged negligent hiring and training of the officers, which is only directed against the supervisors, whereas the instant lawsuit involves allegations of constitutional violations and other violations against the individual officers.

## **Analysis**

In the Tennessee Claims Commission Act, Tennessee Code Annotated § 9-8-301 *et seq.,* the State of Tennessee has waived the sovereign immunity it otherwise enjoys under the Eleventh Amendment. In so doing, the state provides claimants with a cause of

3

action they would not otherwise be able to pursue.  In return, claimants who choose to take advantage of the state's waiver of sovereign immunity automatically waive something themselves:

> Claims against the state filed pursuant to subsection (a) shall operate as a waiver of any cause of action, based on the same act or omission, which the claimant has against any state officer or employee.  The waiver is void if the commission determines that the act or omission was not within the scope of the officer's or employee's office or employment.

Tenn. Code Ann. § 9-8-307(b).  The Sixth Circuit has construed the waiver provision of the Act and held as follows:

> We find the applicable Tennessee statute dictates that, where the plaintiff elects to sue the state before the Tennessee Claims Commission, he waives any cognate federal causes of action.

*White by Swafford v. Gerbitz*, 860 F.2d 661, 662 (6th Cir. 1988).

Plaintiff attempts to avoid the holding of *White* by claiming that the Claims Commission action is only based on alleged negligent hiring and training of officers, which is only directed against the supervisors, whereas the instant lawsuit involves allegations of constitutional violations and other violations against the individual officers.  The Sixth Circuit rejected this very argument in *Thomson v. Harmony,* 65 F.3d 1314 (6th Cir. 1995), stating:

> In his brief, Thomson mistakenly assumes that the state and federal actions have to share the same legal or theoretical foundation – "the claims in ... Ohio lie in contract and tort ... while the cause of action in the District Court is based on constitutional guarantees...."  However, the same "acts" of retaliation by the defendants form the basis of his state court cause of action ... and the statute specifically refers to an "act" rather than an "allegation" or "claim."

4

*Id.* at 1319. Clearly, both the instant lawsuit and the action filed in the Claims Commission are "based on the same acts or omissions." All of plaintiff's claims derive from the pursuit, arrest and detention of plaintiff by Trooper Bailey and Sergeant Ogle on January 5, 2007.

The waiver provision of Tennessee Code Annotated § 9-8-307(b) is designed to prevent a plaintiff from receiving duplicative or inconsistent judgments in different tribunals for the same injury. Under the Act, the waiver of the right to sue state employees in another forum is void if the Commission determines that the act or omission was not within the scope of the officer's or employee's office or employment. Tenn. Code Ann. § 9-8-307(b). If the Commission later determines that such is the case, the plaintiffs will be free to pursue their claims against the state employees at that time, because the statute of limitations is tolled while the Claims Commission resolves the case. Tenn. Code Ann. § 9-8-402(b); *White*, 860 F.2d at 665.

For the reasons foregoing, the court finds that this case must be dismissed. If, however, the waiver provision of the Tennessee statute is not invoked due to defendants' acts being deemed outside the scope of their employment, then plaintiffs may move to reopen this case within sixty (60) days of the final adjudication by the Claims Commission whereby their claims can be pursued in this court.

**ENTER:**

      s/ Thomas W. Phillips
      United States District Judge